IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.K., | ) |
| | ) |
|    Petitioner, | ) |
| v. | ) |
| | )  Case No. 3:25-cv-451 |
| LEONARD ODDO, *Warden, Moshannon* | )  Judge Stephanie L. Haines |
| *Valley Processing Center, et al.*, | ) |
| | ) |
|    Respondents. | ) |

**MEMORANDUM ORDER**

  Pending before the Court is the Motion for a Temporary Restraining Order ("T.R.O."), ECF No. 10, filed by *pro se* Petitioner U.K.[1] ("Petitioner"). Therein, Petitioner requests that this Court issue "a temporary restraining order or preliminary injunction[:]" (1) "requiring Respondents to release Petitioner[,]" (2) enjoining "them from continuing to detain Petitioner during the pendency of this [case,]" (3) requiring Respondents to release Petitioner on bail "pursuant to the Court's inherent authority[,]" (4) ordering "Respondents to show cause why Petitioner's verified-Petition should not be expeditiously granted[,] and/or" (5) granting Petitioner such "relief as the Court deems just and appropriate." ECF No. 10, p. 21.

  For the following reasons, the Court will DENY Petitioner's Motion insofar as it requests a T.R.O. but will consider Petitioner's Motion in so much as it requests a preliminary injunction ("P.I.").[2]

 **I.**  **Legal Standard**

---

[1] Petitioner U.K. is proceeding under a pseudonym in accordance with Magistrate Judge Kezia O.L. Taylor's ("Magistrate Judge Taylor") December 10, 2025, Order. ECF No. 5.

[2] While the title of Petitioner's Motion only mentions a temporary restraining order, ECF No. 10, p. 1, Petitioner, who is proceeding *pro se*, also requests a preliminary injunction. *See* ECF No. 10, p. 21 ("For the foregoing reasons, Mr. U respectfully moves this Court to: (1) Issue a temporary restraining order or preliminary injunction…."). As such, the Court will set a briefing schedule on the matter.

    Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors—likelihood of success on the merits and irreparable harm—"operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

    A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[3] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974)

---

[3] The Third Circuit has made clear that "a court may not convert an *ex parte* [temporary restraining order] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond

("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]"); *Snee v. Barone*, 359 F.App'x. 281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

**II.    Analysis**

Petitioner requests that this Court issue "a temporary restraining order or preliminary injunction[:] [(1)] requiring Respondents to release Petitioner[,]" (2) enjoining "them from continuing to detain Petitioner during the pendency of this [case,]" (3) requiring Respondents to release Petitioner on bail "pursuant to the Court's inherent authority[,]" (4) ordering "Respondents to show cause why Petitioner's verified-Petition should not be expeditiously granted[,] and/or" (5) granting Petitioner such "relief as the Court deems just and appropriate." ECF No. 10, p. 21. In this way, Petitioner requests relief that goes beyond the "limited nature of a [T.R.O.]" and instead

---

preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

requests "mandatory, affirmative relief[.]"[4] *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439).

Thus, this Court will DENY Petitioner's Motion in so much as it requests relief via a T.R.O. as a T.R.O. is not the appropriate vehicle for such relief. However, the Court will consider Petitioner's claims in so much as he seeks a P.I. In order to more fully develop the record, the Court will set a briefing schedule in an accompanying Order.

An appropriate Order follows:

## ORDER

AND NOW, this 16th day of December 2025, in light of the seriousness of the relief sought, and in accordance with the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that Respondents shall file and serve a written response to Petitioner's Motion for a Temporary Restraining Order no later than **seven (7) days** from the date on which service of the underlying Habeas Petition, ECF No. 9, is effectuated. Aside from any additional arguments Respondents wish to make, the Response shall specifically address: (1) what statute governs Petitioner's detention and why, and (2) if Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2), why this Court's decision in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) should not be applied to the instant case. Petitioner may, but is not required to, file and serve a Reply to any Response submitted by Respondents. Should Petitioner choose to file a Reply, he shall file and serve said Reply no later than **three (3) days**

---

[4] Petitioner's requests for a show cause order, and/or other relief the Court deems just and appropriate, are not necessarily requests for affirmative relief. However, as the Court is proceeding to consider Petitioner's Motion in so much as it requests a P.I., the Court finds that this relief, via a T.R.O., is not appropriate at this time.

from the date on which Respondents file and serve their Response. The Court will schedule a hearing as necessary.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE